728 A.2d 863 (1999)
321 N.J. Super. 288
Guy FERRARO, Plaintiff-Appellant,
v.
The ZONING BOARD OF the BOROUGH OF KEANSBURG and The Borough of Keansburg, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1999.
Decided May 21, 1999.
*864 William E. Wilson, Highlands, for plaintiff-appellant (Wilson & Fasano, attorneys; Michael J. Fasano, on the brief).
Defendant-respondent waived oral argument. (Furman & Jennings, attorneys; Vincent J. Jennings, on the brief).
Before Judges STERN and LANDAU.
The opinion of the court was delivered by LANDAU, J.A.D.
Plaintiff Guy Ferraro appeals from a Law Division order for judgment dated May 12, 1998 affirming an October 1997 determination of the Zoning Board of Adjustment of the Borough of Keansburg (Board). Both tribunals upheld the local Code Enforcement Zoning Officer's refusal to issue a building permit for interior construction work in a small unoccupied structure located on a 25' × 115' lot in the R3A single family residential zone. There is also an occupied dwelling house on the same lot.
The Code Officer's permit refusal was based upon his conclusion that the structure was "non-conforming" as to use, and as to bulk and off-street parking requirements, and that it was deemed an abandoned non-conforming use. Ferraro, who had acquired the property in a foreclosure sale, was directed to the Board "for review, variances and final approvals."
The Board conducted a hearing on the abandonment issue, which evidence tended to show that the exterior siding had been repaired or replaced within three or four years, and that the roof was in satisfactory condition, but that there were no walls, floors, utilities or interior plumbing, nor any showing that the second structure had ever been occupied. A neighbor testified that no one occupied it during the twenty-five years that she resided within two hundred feet of the premises. The Utility Authority had been informed there was only one dwelling on the premises, and the prior owner, who had apparently commenced some physical restoration, had abandoned the property to foreclosure.
As we review the record, there was no proof presented to show whether a then-lawful use existed in the structure in question at the time of adoption of the zoning ordinance, much less to show continuity of such use thereafter. Although Ferraro argues that the Board and the trial judge improperly shifted the burden to him to establish non-abandonment, the Board properly noted that prior occupancy as a residence had never been proved. It was Ferraro's initial burden to establish existence of lawful residential occupancy as of the commencement of the zoning regulations as well as its continuation afterward. See Cox, New Jersey Zoning and Land Use Administration Sec. 11-2.3 (GANN, 1999); Ianieri v. East Brunswick Zoning Bd. of Adjustment, 192 N.J.Super. 15, 20, 468 A.2d 1072 (Law Div. 1983).
The issue of whether a non-conforming use has been abandoned cannot arise until the burden of establishing existence of a *865 valid non-conforming use has been met. As to this requisite showing, the closest the record comes to reaching the issue is speculation that the structure may once have served as a summer rental facility in this shore community. Even if proved, that would be insufficient to establish the regular lawful residential occupancy necessary to assert non-conforming use status. Similarly, testimony of the Code Officer showed that his reference to the structure's "non-conforming" status was not based on personal or record-based knowledge as to the nature of any prior occupancy.
We regard the shifting-of-burden argument on abandonment to be a diversion from Ferraro's failure to meet the primary burden of proving there was a non-conforming use to be "continued," as he requested before the Board.
Even had non-conforming use been shown, however, we are satisfied from our review of the record that it is sufficient to sustain the findings of abandonment by the two tribunals below under a preponderance of the evidence test.
It is unnecessary, therefore, to consider whether Section 22-7.3d of Keansburg's Zoning Code is binding in this case. The Code establishes as prima facie evidence of abandonment the cessation of non-conforming use for at least one year. Binding or not, the cessation of any use for several years was competent evidence going to the questions of continuity and abandonment.
The order for judgment under review is affirmed.